KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 422-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>CHRISTOPHER KEEGAN WILLIAMS,<br>Defendant. | Case No.: 2:21-CR-0007-MCE<br><br>DEFENDANT'S MOTION FOR BAIL REVIEW<br><br>Date:    July 7, 2021<br>Time:   2:00 p.m.<br>Judge:  Hon. Allison Claire |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on July 7, 2021 at 2:00 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court, Defendant, CHRISTOPHER KEEGAN WILLIAMS, will and does hereby move for bail review and for an Order directing his pretrial release on sufficient conditions. This motion is based on 18 USC §3141 and §3142, on the attached Memorandum of Points and Authorities, and on such further facts and evidence as the Court may consider at the hearing of the matter.

1

## I - INTRODUCTION

On July 7, 2021, or as soon thereafter as the matter may be heard, Defendant, CHRISOPHER KEEGAN WILLIAMS, will request that the Court grant an order of release pending sentencing on an unsecured appearance bond.  Mr. Williams, by and through undersigned counsel, respectfully requests that this Court conduct a renewed consideration of his pretrial release status and order his pretrial release on conditions sufficient to safeguard his continued appearance in this case. 18 USC §3142(f).

## II – PROCEDURAL BACKGROUND

On April 16, 2021, in the Central District of California, Christopher Kegan Williams was arrested on an Indictment in the Eastern District of California.

On April 16, 2021, the defendant was interviewed by Pretrial Services in the Central District of California. On April 19, 2021, Mr. Williams initially appeared in the Central District and he was ordered released on a $25,000 unsecured bond, co-signed by his mother, with Pretrial Services supervision and special conditions of release.

On April 29, 2021, Mr. Williams as arraigned in this District on the instant offense, and at the conclusion of this appearance, his conditions of release were amended to include his placement into WellSpace, a residential substance abuse treatment program in Sacramento, California.

On May 18, 2021, Mr. Williams was permitted to pick up Methadone from the clinic and return to WellSpace. On May 19, 2021, WellSpace staff reviewed medication logs and noted Mr. Williams did not receive or request his single dose of methadone on that date. Staff looked at the bottles methadone returned by the defendant, and noted 12 of the 13 bottles appeared to have puncture marks on the lid and inconsistent liquid levels as if someone had removed the contents.

On May 20, 2021, WellSpace staff spoke with Mr. Williams about the discrepancy as to the contents in his bottles and that he is missed his methadone dose on May 19,

2021. Mr. Williams was told he would be discharged for this violation, as they believe he tampered with the methadone bottles and it was his responsibility to safeguard the medication between the methadone clinic and the treatment facility. Mr. Williams left WellSpace and contacted his Pretrial Services Officer.  Mr. Williams went to the Pretrial Services Office where he was arrested and taken into custody.

A petition for violation of pretrial release was filed and a hearing occurred on May 21, 2021, before the Honorable Carolyn K. Delaney.   Mr. Williams acknowledged that he was ultimately responsible for safeguarding the methadone bottles and did not contest the violation and was detained.  Defense counsel noted on the record the Mr. Williams' Pretrial Services Officer indicated that he would be willing to consider re-release to WellSpace or another residential drug rehabilitation facility after 30 days if Mr. Williams' was ready to take his sobriety more seriously.

## III – REQUEST FOR RE-RELEASE TO A RESIDENTIAL DRUG TREATMENT FACILITY

### A.      Consideration of the Statutory Factors Weigh in Favor of Pretrial Release.

All defendants charged with criminal offenses are presumed innocent. Furthermore, "[i]n our society liberty is the norm, and detention prior to trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  "Only in rare circumstance should [pretrial] release be denied."  *United States v. Motamedi*, 767 F.2d 1403, 1404 (9th Cir. 1985).  At the detention hearing, the Court determines whether "any condition or combination of conditions…will reasonably assure the appearance of the person" and will assure safety to the community.  18 USC §3142(f).

Potential release orders range from release on personal recognizance to release on more restrictive conditions.  Potential conditions are myriad, but expressly include an order that a person "remain in the custody of a designated person, who agrees to assume supervision" of the person; that a person "abide by specified restrictions on personal

3

1    associations, place of abode, or travel" beyond that necessary to make appearances; that a

2    person "report on a regular basis" to law enforcement; or that a person "comply with a

3    specified curfew." 18 USC §3142(c)(1)(B).  Any release order must be on "the least

4    restrictive" conditions necessary to assure future appearance.  18 USC §3142(c)(1)(B).

5    Under the pretrial release statute, "in determining whether there are conditions of release

6    that will reasonably assure the appearance of the person," the salient factors to be

7    considered include: the nature of the offense; the weight of the evidence; the history and

8    characteristics of the person; and any danger involved in the person's release.  18 USC

9    §3142(g).

10

**B.      Here Reasonable Conditions, Including Re-Release to a Residential Drug**

11       **Treatment Program, Are Sufficient to Assure Future Appearance and**

**Minimize Any Danger to the Community.**

12

13           If Mr. Williams were re-released, he would not pose a danger or be a flight risk.

14   By the time of the hearing on July 7, 2021, Mr. Williams will have been in custody for 49

15   days.  Since being detained, Mr. Williams obtained employment at the jail cleaning

16   courtrooms.  Mr. Williams is only 24 years-old with no prior convictions. It seems

17   apparent from reading the facts of the Complaint that Mr. Williams was addicted to

18   opioids and involved in this offense in order to support his drug habit.  Mr. Williams was

19   kicked out of WellSpace and accepts responsibility for not safeguarding his methadone

20   bottles.  However, Mr. Williams is ready to be re-released into an inpatient drug

21   treatment facility and continue his drug rehabilitation treatment.

22

23                                  **III - CONCLUSION**

24           Mr. Williams would like the opportunity to be re-released into a residential drug

25   treatment facility.  He will agree to any other conditions the Court deems appropriate in

26   order to grant his release from custody during the pendency of his case.  Therefore, for all

27   of the aforementioned reasons, Defendant, Christopher Williams, respectfully requests

28   the Court grant an order for release and allow him to continue working on his sobriety.

1    Dated: June 30, 2021

2

3    Respectfully submitted,

4

5    /s/ Kristy M. Horton
     KRISTY M. HORTON
6    Attorney for Christopher Williams

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28