1  PHILLIP A. TALBERT
   Acting United States Attorney
2  DAVID W. SPENCER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,              CASE NO.  2:21-CR-0007-MCE

12                        Plaintiff,       STIPULATION REGARDING USE OF
                                           VIDEOCONFERENCING DURING CHANGE OF
13                    v.                   PLEA HEARING; ORDER

14  CHRISTOPHER KEGAN WILLIAMS,            DATE: August 26, 2021
                                           TIME: 9:30 a.m.
15                        Defendant.       COURT: Hon. Morrison C. England, Jr.

16

17

18                            **BACKGROUND**

19        On January 28, 2021, a grand jury indicted the defendant, Christopher Kegan Williams, in three

20  counts of an 11-count indictment, along with fifteen co-defendants.  ECF No. 68 (Redacted Indictment),

21  ECF No. 146 (Fifth Redacted Indictment).[1]  This matter is now set for a change of plea on August 26,

22  2021, as to defendant Williams.

23        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

24  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

25  District Judges to authorize plea and sentencing hearings by video or telephonic conference when

26  1) such hearings "cannot be conducted in person without seriously jeopardizing public health and

27  ───────────────
          [1] Ten defendants were named publicly in the original Redacted Indictment and the names of six
28  defendants were redacted (ECF No. 68).  The names of additional defendants have been unredacted
    following their arrest.  The current Fifth Redacted Indictment publicly names 14 defendants; the names
    of two additional defendants who have not yet been arrested are redacted.  ECF No. 146.

    STIPULATION REGARDING HEARING              1

1   safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or

2   sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*,

3   Pub. L. 116-23 § 15002(b)(2).

4         On March 29, 2020, the Judicial Conference of the United States made the findings required by

5   the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

6   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

7   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

8   functioning of the federal courts generally."

9         On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the

10  findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal

11  Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be

12  conducted in person without seriously jeopardizing public health and safety."  On June 29, 2020,

13  September 30, 2020, January 4, 2021, April 2, 2021, and July 1, 2021, the Chief Judge of this District,

14  per General Orders 620, 624, 628, 630, and 632, reaffirmed these findings and authorized

15  videoconferencing under the CARES Act for another 90 days.  Accordingly, the findings of the Judicial

16  Conference and General Orders 614, 620, 624, 628, 630, and 632, establish that plea hearings generally

17  cannot safely take place in person.

18        In order to authorize change of plea hearings by remote means, however, the CARES Act—as

19  currently implemented by General Order 632—also requires district courts in individual cases to "find,

20  for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

21  serious harm to the interests of justice."  General Order 632 further requires that the defendant consent

22  to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

23  "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

24  teleconference.

25        The parties hereby stipulate and agree that each of the requirements of the CARES Act and

26  General Order 632 has been satisfied in this case.  They request that the Court enter an order making the

27  specific findings required by the CARES Act and General Order 632.  Specifically, for the reasons

28  further set forth below, the parties agree that:

STIPULATION REGARDING HEARING       2

1      1)      The change of plea hearing in this case cannot be further delayed without serious harm to

2   the interest of justice; and

3      2)      The defendant waives his physical presence at the hearing and consents to remote hearing

4   by videoconferenceand counsel joins in that waiver.

5                                        **STIPULATION**

6        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7   through defendant's counsel of record, hereby stipulate as follows:

8        1.      The Governor of the State of California declared a Proclamation of a State of Emergency

9   to exist in California on March 4, 2020.

10       2.      On March 13, 2020, the President of the United States issued a proclamation declaring a

11  National Emergency in response to the COVID-19 pandemic.

12       3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

13  other public health authorities have suggested the public avoid social gatherings when possible,

14  particularly in areas with high rates of transmission and in indoor spaces, and practice physical

15  distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.

16       4.      These guidelines – which are essential to combatting the virus – are generally not

17  compatible with holding in-person court hearings.

18       5.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

19  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

20  resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

21  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

22  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

23  weighted filings) and its shortage of judicial resources (the District is currently authorized only six

24  district judges; two of those positions are currently vacant and without nominations).  The report further

25  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

26  guidance regarding gatherings of individuals.

27       6.      Given these facts, it is essential that Judges in this District resolve as many matters as

28  possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

STIPULATION REGARDING HEARING                    3

1   hearings now, this District will be in a better position to work through the backlog of criminal and civil

2   matters once regular in-person hearings resume.

3          7.      The change of plea hearing in this case accordingly cannot be further delayed without

4   serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-

5   person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and

6   every Judge in this District, when normal operations resume.

7          8.      Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-

8   teleconference.  Counsel joins in this consent.

9          IT IS SO STIPULATED.

10

11   Dated:  August 23, 2021                         PHILLIP A. TALBERT
                                                      Acting United States Attorney

12

13                                                   /s/ DAVID W. SPENCER
                                                     DAVID W. SPENCER
                                                     Assistant United States Attorney

14

15

16   Dated:  August 23, 2021                         /s/ KRISTY M. HORTON
                                                     KRISTY M. HORTON

17                                                   Counsel for Defendant
                                                     CHRISTOPHER KEGAN

18                                                   WILLIAMS

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING HEARING                        4

**ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

a)      The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

b)      The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 632, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.


Dated:  August 24, 2021

_____

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING HEARING

5