KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 422-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>     v.<br>CHRISTOPHER KEEGAN WILLIAMS,<br>          Defendant. | Case No.: 2:21-CR-0007-JAM<br><br>DEFENDANT'S OBJECTIONS TO THE PSR<br><br>Date:   December 14, 2021<br>Time:   9:30 a.m.<br>Judge:  Hon. John A. Mendez |

## I – OBJECTIONS TO THE PSR

### A.    Paragraph 21 – Adjustment for Role in the Offense

The PSR neither adds nor reduces levels for Mr. William's role in the offense. However, Mr. Williams is hoping that the court will adjust his total offense level based upon his role in this offense.

"The defendant bears the burden of proving that he [or she] is entitled to a downward adjustment based on his [or her] role in the offense." United States v. Cantrell, 433 F.3d 1269, 1282 (9th Cir. 2006). A minimal participant is intended to apply to "defendants who are plainly among the least culpable of those involved in the conduct of the group." USSG § 3B1.2, cmt. nt. 4.   In determining whether to grant a minor-role reduction, the correct inquiry is whether the defendant was "substantially less culpable than the average participant" in the charged criminal activity. United States v. Rodriguez-Castro, 641 F.3d 1189, 1193 (9th Cir. 2011) (quoting U.S.S.G. § 3B1.2 cmt. n.3(A)).

After Amendment 794, the interpretation of "the average participant" in the context of the minor-role sentencing found the appropriate comparison was between the

1

defendant and other participants in the same criminal scheme and became effective on November 1, 2015. U.S.S.G. App. C. Amend. 794. The guidelines state:

> A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.

USSG § 3B1.2 cmt. n. 3(A). Like the defendant in the example, Mr. Williams is only being charged for the amount of drugs which he was personally present for the transaction.

Compared to others in the same scheme, Mr. Williams is the least culpable. Mr. Williams had a drug problem and engaged in this criminal conduct in order to support his habit. Williams brought the Confidential Source (herein after "CS") to others who were engaged in selling the pills. Williams was simply a middleman and was paid in pills and once received some money ($1,000) for bringing the CS to buy a larger quantity of pills. Mr. Williams would advertise pills for sale on a social media website called Snapchat. Mr. Williams was doing whatever he could to continue to fuel his habit. Mr. Williams also sold guns to the CS.

The guidelines state, "For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." This is exactly what has occurred in Mr. Williams' case. Mr. Williams was merely bringing people to various drug dealers to purchase pills so that he could support his own drug habit.

The determination whether to apply a minimal (-4), minor (-2), or an intermediate adjustment (-3), is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to

apply a role adjustment, the court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n. 3(C). There is no evidence that Mr. Williams understood much of the scope and structure of the criminal activity; there is no evidence that he participated in the planning or organization of the criminal activity; there is no evidence that he exercised any decision-making authority or had any influence over the decision-making authority; there is evidence that the nature and extent of Mr. Williams' role was minimal. Unlike his co-defendants, Mr. Williams was not charged with a conspiracy or possession with intent to distribute or the sale of methamphetamine. Mr. Williams minimally benefitted from the drug transactions – he was usually paid in pills and one time he was given cash of $1,000. Mr. Williams advertised pills for sale, brought the buyers to the suppliers, and received some pills as compensation and once received cash.

In United States v. Fussell, 366 Fed. Appx. 102, 105 (11th Cir. 2011), the court declined to apply the minor role reduction and found the defendant was more than a mere customer: he purchased large quantities of drugs from leaders of a drug distribution conspiracy and independently sold them to others. Contrary to this defendant, Mr. Williams did not purchase large quantities of drugs and independently sold them to others. In each of the charged events, Mr. Williams' drug transactions were always dependent upon the supplier. So while Mr. Williams may have advertised drugs for sale

on Snapchat, he was not independently selling drugs. Eventually, once the CS developed a relationship with the suppliers, Mr. Williams' assistance was no longer needed.

If the Court does not find that Mr. Williams was a minimal participant, we ask the Court to consider finding he is a minor participant and reduce his level by 2 or 3 (if you find he is in between minimal and minor participant – *see* USSG § 3B1.2.

## **II – CONCLUSION**

According the Defendant's objections and the analysis of the sentencing guidelines as they are applicable to the facts of Mr. Williams' case, I believe that Mr. Williams should be sentenced to the following:

| | |
|---|---|
| Base Offense Level = | 24 |
| Adjustment for Acceptance of Responsibility = | -2 |
| USSG 3E1.1(b) Reduction = | -1 |
| USSG 5C1.2 = | -2 |
| USSG § 3B1.2(b), Minimal or Minor Role = | -4 or -2 |
| Total Offense Level = | 15 or 17 |

The Sentencing Table provides a low-end guideline range of 18 months for a Total Offense Level of 15 and a Criminal History Level I and 24 months for Level 17.

Dated: November 30, 2021

Respectfully submitted,

/s/ Kristy M. Horton
KRISTY M. HORTON
Attorney for Christopher Williams

4